CHARLES T. INGLEE, Appellant, v. CALOGERO ABRUZZO, FILIPPO BILELLO and ATALA MENA, Executors, etc., of ONOFRIO ABRUZZO, Deceased, Respondents.— Judgment reversed upon the law and the facts, and new trial granted, costs to abide the event. Time was not of the essence of the contract which was signed by the plaintiff and all three defendants. Defendants never put plaintiff in default under the contract. Plaintiff accordingly was entitled to performance on July 1, 1926, when he demanded a deed, so far as this record herein is concerned. Plaintiff was not guilty of any laches or of conduct indicative of an intention to abandon his rights under the contract. In fact all his acts were indicative of the contrary — an intention to enforce his rights under the contract. The adjournments which he procured, even assuming they were invalid, were effectual to negative any intention on his part to abandon his rights under the contract, which continued since he was not put in default. The claim of laches, predicated on the sixteen-month period from March 5, 1925, to July 1, 1926, being the period following the entry of the judgment sustaining the validity of the trust in the will, disregards the testimony of the plaintiff, the benefit of which he is entitled to on this record, that he was not apprised by Lamberta on July 1, 1925, when he obtained the last adjournment, that the litigation concerning the will had been concluded. It also disregards the testimony of plaintiff, which the trial court would be entitled to credit, that plaintiff did not know that the litigation had concluded and that the validity of the title had been established until just prior to June 24, 1926, when he notified Lamberta that he would take the deed on July 1, 1926. This latter testimony, if credited, precludes sustaining a claim of laches based upon the period following the day when judgment was entered in the Supreme Court litigation. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

In the Matter of the Petition of BROOKLYN TRUST COMPANY for a Determination as to the Construction and Effect of the Disposition of Property Contained in the "Ninth" Clause of the Will of ADELAIDE L. BURROUGHS, Late of the County of Kings, Deceased. MARIE GEWERT, ALBERT HAHN, FREDERICK A. HAHN, GERARD FOSTER BURROUGHS and GRACE PATERSON, Appellants; BROOKLYN TRUST COMPANY, as Executor, etc., of ADELAIDE L. BURROUGHS, Deceased, and JOSEPH A. KENNEDY, as Special Guardian for LORRAINE LAUX and ELENORE LAUX, Infants, etc., Respondents.*— Decree of the Surrogate's Court of Kings county reversed upon the law, with costs, payable out of the estate, to all parties appearing and filing briefs. We construe the will to read: (1) That the direction for the payment of general legacies out of the proceeds of the sale of the real property is demonstrative and that the general legacies be paid in full; (2) that testatrix's interest in the corporation known as Burroughs Building Material Company is not specifically bequeathed to the residuary legatees but is a part of the residuary estate. Decree directed to be entered accordingly. Seeger, Carswell and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent. Settle order on notice.